# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS CERULLO WORLD EVANGELISM, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>WORLD RELIGIOUS RELIEF, Inc. (dba "WORD NETWORK"), a Michigan corporation; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No.: 13-CV-2780-BTM-BLM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE** |

Defendant World Religious Relief, Inc. has filed a Motion to Dismiss or Transfer Plaintiff's Complaint for Improper Venue (28 U.S.C. § 1406(a)); or in the Alternative to Transfer for Convenience (28 U.S.C. § 1404(a)). For the reasons discussed below, Defendant's motion is DENIED.

## I. BACKGROUND

Plaintiff Morris Cerullo World Evangelism, Inc. is a California corporation based in San Diego, California, whose business involves the broadcast of religious programming over various media outlets. ¶ 1.[1] Defendant is a Michigan corporation based in Southfield, Michigan, that broadcasts television programming

---

[1] Unless otherwise noted, all facts herein are taken from the Complaint and all "¶" citations are references to paragraphs of the Complaint.

prepared by third parties over a network of cable and satellite television providers. ¶ 2. In 2011, Plaintiff and Defendant entered into an agreement where Plaintiff broadcast pre-recorded programing over Defendant's network in exchange for payment by Plaintiff to Defendant ("2011 agreement"). ¶ 7. Later that year, a dispute occurred as to monies owed for the 2011 agreement. ¶ 8. Plaintiff alleges that it attempted to resolve the dispute and that Defendant was unresponsive. ¶ 8. Based on Defendant's silence, Plaintiff believed the dispute had been resolved or abandoned by Defendant. ¶ 9.

In 2013, Plaintiff's agent, The Cerullo Group, Inc., began negotiating a new contract with Defendant's agent and media broker, Word Media, for future television broadcasts. ¶ 10. Word Media is based in Arlington, Texas. Complaint Exhibit 1. Neither Defendant nor Word Media ever claimed that the 2011 dispute was outstanding during these negotiations. ¶ 11. When The Cerullo Group specifically asked Word Media about the standing of Plaintiff's account, Word Media's general manager assured the Cerullo Group that Plaintiff was in "good standing." ¶ 11.

On or about May 22, 2013, the parties' agents entered into a written contract where Defendant would broadcast Plaintiff's recordings for one year, five times per week, at a cost of $2,000 per broadcast ("2013 agreement"). ¶ 14. Pursuant to the 2013 agreement, Plaintiff paid Defendant $17,000 to begin broadcasting Plaintiff's programming in June 2013. ¶ 15.

Defendant subsequently informed Plaintiff that its $17,000 payment would not be credited towards the 2013 agreement, but would rather apply to the balance allegedly owed under the 2011 agreement. ¶ 16. Defendant further indicated that no programming would be aired unless Plaintiff paid the full amount of the 2011 dispute balance as well as the $17,000 advance required by the 2013 agreement. ¶ 16. Defendant was scheduled to begin broadcasting Plaintiff's programming under the 2013 agreement on June 17, 2013, but failed to do so. ¶ 18. Plaintiff alleges

that Defendant negotiated the 2013 agreement with Plaintiff in bad faith, and used the false promise of future broadcasts to obtain monies allegedly due from the 2011 agreement. ¶ 13.

Plaintiff subsequently sued Defendant for breach of contract, deceit, negligent misrepresentation, conversion, and money had and received in California Superior Court for the County of San Diego. Defendant removed the case to the United States District Court for the Southern District of California on the basis of diversity jurisdiction. Defendant has now moved to dismiss or transfer Plaintiff's complaint on the basis of improper venue.

## II.  LEGAL STANDARD

**A. Venue of Removed State Actions**

28 U.S.C. § 1441(a) authorizes defendant to remove "to the district court… embracing the place where such action is pending." Thus, in actions removed from state court, venue is automatically proper in the federal district court located where the state action was pending. See Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-66 (1953). Venue of removed actions is determined by the removal venue statute, 28 U.S.C. § 1441(a), not by the general venue statutes. 28 U.S.C. § 1390(c); Thermal Components Co. v. Griffith, 98 F. Supp. 2d 1224, 1231 (D. Kan. 2000) ("§ 1441(a), not § 1391, controls venue in removal actions.")

**B. Transfer of Venue**

Even where venue is proper, a discretionary convenience transfer pursuant to § 1404(a) may be sought. See 28 U.S.C. § 1404 (1948 Revision Notes) (Section 1404(a) "was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper."). Under this section, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate in a particular case, courts consider factors such as

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000); accord Decker Coal Co., 805 F.2d at 843. The burden of showing that transfer is appropriate rests on the moving party. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

### III.  DISCUSSION

**A.  Venue is proper in the Southern District of California.**

Defendant contends that the general venue provisions of 28 U.S.C. § 1391 govern venue in this action. However, Defendant removed Plaintiff's state action to this Court under 28 U.S.C. § 1441(a). The Supreme Court has explained that, in this context, "§ 1391 has no application … because this is a removed action" and that venue of removed actions is governed by the federal removal statute. Polizzi, 345 U.S. at 665. Because § 1441(a) authorizes defendant to remove to the district court wherein the state action is pending, venue is automatically proper in this case in the Southern District of California.

**B.  A convenience transfer of venue is not warranted.**

Defendant argues that even if venue is technically proper, a transfer to the Eastern District of Michigan is nonetheless justified on the basis of convenience because Plaintiff negotiated a contract through a Texas based agent with the Michigan Defendant for services to be performed in Michigan, where the alleged

acts or omissions occurred, and the Southern District of California has little to no connection to Plaintiff's action.

28 U.S.C. § 1404(a) is "intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 23 (1988). The Court will consider each of the Jones factors and their application on these facts. See 211 F.3d at 498–99.

(1) The location where the relevant agreements were negotiated and executed

The parties dispute where the contract at issue was negotiated and executed. Defendant contends that the contract and invoices were drafted, negotiated, and executed in either Michigan or Texas. (Motion to Dismiss Exhibit B, Declaration of Ralph Lameti ("Lameti Decl.") ¶ 7). Plaintiff contends that the agreement was negotiated and executed at a distance, via wire and mail, and thus occurred in California, Texas, and Michigan.

The Court finds that Defendant has not carried its burden of establishing that the agreement occurred predominately in Michigan. Given the diverse residences of the parties and their agents, it is far more plausible that the agreement occurred in multiple venues. Accordingly, the Court finds that this factor is neutral - it weighs neither in favor nor against transfer.

(2) The state that is most familiar with the governing law

Plaintiff's causes of action are not statutory, but exist at common law. District courts in California and Michigan should be equally familiar with a cause of action for breach of contract and Plaintiff's other claims. The Court finds that this factor is neutral.

(3) The plaintiff's choice of forum

The plaintiff's choice of forum is given substantial weight. See Decker Coal Co., 805 F.2d at 843. In this case, Plaintiff brought suit in San Diego County and

Defendant removed to the Southern District, which embraces San Diego County. The Court finds that this factor weighs against transfer.

(4) The respective parties' contacts with the forum

Plaintiff is a California corporation located within the Southern District of California. Plaintiff creates programming for broadcast in various media outlets. Defendant is a Michigan corporation located within the Eastern District of Michigan. Defendant broadcasts television programming created by others over a network of cable and satellite television providers. Both parties appear to regularly transact business across state lines.

Defendant asserts that it has limited contact with the Southern District of California and notes that Michigan is its principle place of business, it does not maintain any offices, employees, or agents in California, it does not own any property in California, and it does not regularly conduct business in the Southern District of California, or direct marketing towards the Southern District. (Lameti Decl. ¶¶ 2-8).

In response, Plaintiff notes that Defendant is an international broadcaster available in over 200 countries and reaching millions of viewers. (Plaintiff's Opposition to Defendant's Motion to Dismiss Exhibit A). Moreover, Defendant has maintained an ongoing contractual relationship with Plaintiff, a California corporation. Plaintiff also notes that Defendant publicizes its broadcasting relationship with other ministries in California. (Id.)

The Court finds that Defendant's contacts with the Southern District of California are limited but sufficient, such that this factor weighs against transfer.

(5) The contacts relating to the plaintiff's cause of action in the chosen forum

The parties and their agents appear to have negotiated and executed the 2013 agreement via wire and mail in California, Texas, and Michigan. Moreover, Defendant's performance would have involved broadcasting Plaintiff's programming across state and national borders. The Court finds that significant

aspects of this case substantially occurred in this District, as well as in Texas and Michigan. The Court concludes that this factor is neutral.

### (6) The differences in the costs of litigation in the two forums

The parties have not raised this issue in their briefing. The costs of litigation are presumably comparable in both districts. The Court finds that this factor is neutral.

### (7) The availability of compulsory process to compel attendance of unwilling non-party witnesses

Neither party has suggested the existence of non-party witnesses who will be relevant to the outcome of this case. All relevant witnesses appear to be the parties' officers, agents, or employees. The Court finds that this factor is neutral.

### (8) The ease of access to sources of proof

All records and documents relevant to the parties' transaction in Defendant's custody and control are located in Michigan. (Lameti Decl. ¶ 10). Defendant argues that witnesses may include employees of both parties, and also employees of Defendant's agent, Word Media, which is based in Arlington, Texas. Defendant reasons that the travel distance from Arlington to Detroit is approximately 150 miles less than to San Diego, making the Eastern District of Michigan the more convenient forum for such witnesses.

Defendant's argument is unpersuasive for several reasons. First, transferring the case to Michigan would merely reverse this problem, not remove it. Any witnesses, documents, or records that are in Plaintiff's control in California would need to be sent to Michigan. Second, given the speed of modern air travel, the Court finds that potential witnesses in Texas will not be substantially more burdened by traveling to California instead of Michigan. The Court concludes that the ease of access to sources of proof would not be materially affected by a transfer. Accordingly, this factor is neutral.

## IV.  CONCLUSION

Having considered each of the <u>Jones</u> factors, the Court finds that Defendant has not met its burden of establishing that transferring this case to the Eastern District of Michigan would be substantially more convenient for the parties or serve the interests of justice. "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." <u>In re Volkswagen of America, Inc.</u>, 506 F.2d 376, 384 (5th Cir. 2007). Accordingly, Defendant's motion to dismiss Plaintiff's complaint or transfer the case to the Eastern District of Michigan is **DENIED.**

**IT IS SO ORDERED.**

DATED:  September 2, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court