# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS CERULLO WORLD EVANGELISM, INC., a California corporation,<br><br>    Plaintiff,<br>  v.<br>WORLD RELIGIOUS RELIEF, Inc. (dba "WORLD NETWORK"), a Michigan corporation; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No. 13cv2780 BTM(BLM)<br><br>**ORDER RE: ORDER TO SHOW CAUSE** |

Having reviewed Defendants' and Plaintiff's responses to this Court's September 2, 2014 Order to Show Cause why the matter satisfies the amount in controversy for diversity subject matter jurisdiction, the Court is satisfied that Defendants have met their burden of proving the existence of the jurisdictional amount.

## I. BACKGROUND

In October, 2013, this suit was commenced by Plaintiff in the Superior Court of California, County of San Diego. Plaintiff sued Defendants for breach of contract, deceit, negligent misrepresentation and conversion arising from

Plaintiff's alleged payment of $ 17,000 for a slot of 2013 broadcast time, which Defendants instead applied to a disputed debt from 2011, and Defendants' failure to air Plaintiff's 2013 program.

On November 22, 2013, Defendants removed the action to this Court.

On December 3, 2013, Defendants moved to dismiss or transfer based on improper venue, and also filed their answer with a jury trial demand.

On September 2, 2014, this Court denied Defendants' motion to transfer, and ordered Defendants to show cause why this case should not be remanded to the California Superior Court for lack of diversity subject matter jurisdiction based on a failure to show damages sufficient to support the jurisdictional amount.

## II.  DISCUSSION

Upon reviewing Defendants' supplemental argument in their Brief in Response to the Order to Show Cause, the Court finds that Defendants, as the removing party, have met their burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Removal jurisdiction founded on diversity requires the parties to be in complete diversity with an amount in controversy exceeding $ 75,000. See Matheson v. Progressive Speciality Ins. Co.,319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1).  A removing defendant must prove the amount in controversy by a preponderance of the evidence where plaintiff's demanded amount is uncertain from the face of the complaint.  Matheson,319 F.3d at 1090; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403 (9th Cir.1996). Under this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $ 75,000. Sanchez, 102 F.3d at 404. Conclusory allegations are insufficient, but the court will consider "facts presented in the removal petition as well as summary-

judgment-type evidence relevant to the amount in controversy at the time of removal." Matheson, 319 F.3d at 1090-91 (internal citations omitted).

Here, the Complaint raises a claim for breach of contract, tort claims of deceit, negligent misrepresentation and conversion, and an equitable claim for common counts. (Ex. A to Notice of Removal, Complaint). The Complaint requests damages arising from two alleged incidents: (1) an advance payment of $17,000 Plaintiff made to Defendant in furtherance of their 2013 Broadcast Agreement by which Plaintiff engaged Defendants to air its program 5 times per week for 1 year at $2000 per broadcast, and; (2) additional damages foreseeable to Defendants that resulted from Defendants' failure to air the initial June 17, 2013 broadcast and the remaining broadcast schedule, which Plaintiff claims resulted in failure to earn funds for its operations through donations that would have been solicited on the program (Compl. ¶¶ 16-19).

Plaintiff claims that Defendants knew that it used programming broadcasts like those negotiated in the 2013 Broadcast Agreement to raise funds for its operations, and that prior solicitation campaigns successfully raised donations of "multiple hundreds of thousands of dollars." (Compl. ¶ 17; Notice of Removal ¶ 5 ). Plaintiff also claims that Defendants were aware that Plaintiff incurred expenses - of an unspecified amount - to market future broadcasts and staff and operate call centers during those broadcasts (Compl. ¶ 17). Additionally, Plaintiff claims punitive damages with respect to its deceit, negligent misrepresentation and conversion claims under California Code of Civil Procedure § 3294 (Compl. ¶¶ 36, 43, 49). Lastly, the Complaint requests that all damages (in amounts to be proven at trial) be paid with interest, requests litigation costs and reasonable attorney's fees, and "further relief deemed just and proper." (Id. ¶ 27, 35, 42, 48).

By presenting the Court with factual assertions from the Notice of Removal and Complaint in which Plaintiff places in controversy amounts of

"multiple hundreds of thousands of dollars" in lost profits, Defendants show that the jurisdictional threshold is surpassed.  However, the estimate of the total amount in dispute is not a prospective assessment of Defendant's liability, and the likelihood of Plaintiff's recovery of the claimed lost profits is relevant only so far as it pertains to reaching the jurisdictional amount.  See Lewis v. Verizon Communications, Inc., 627 F.3d 395, 400 (9th Cir. 2010); 28 U.S.C. § 1332(a). Additionally, Plaintiff's pleas for punitive damages, attorneys' fees, and other equitable relief are to be included in the jurisdictional calculation.  See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).[1]

Applying the "preponderance of the evidence standard," this Court finds that it is "more likely than not" that the sum of the specifically stated economic damages of $ 17,000 and the "multiple hundreds of thousands of dollars" in allegedly forseeable lost profits exceeds the jurisdictional amount of $ 75,000.  See id. at 688, 701.

Defendants having established that the Court has subject matter jurisdiction over this action, the Court finds that removal was proper.

### III. CONCLUSION

For the reasons discussed above, Defendants have met their burden of establishing that the amount in controversy exceeds $ 75,000  and the Court will not dismiss the case at this time.

DATED:  October 20, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

[1] "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." Guglielmino, 506 F.3d at 700.